UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
JOSEPH MOORE,                                          :
                                                       :
                        Plaintiff,                     :    **MEMORANDUM AND ORDER**
                                                       :    07-CV-977 (DLI)(JMA)
        -against-                                      :
                                                       :
ROADWAY EXPRESS, INC. and                              :
LOCAL 707, INTERNATIONAL                               :
BROTHERHOOD OF TEAMSTERS,                              :
                                                       :
                        Defendants.                    :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

On March 7, 2007, plaintiff brought suit pursuant to the Labor Management Relations Act, 29 U.S.C. § 185, against defendants Roadway Express, Inc. ("Roadway") and Local 707, International Brotherhood of Teamsters ("Local 707"), claiming that Roadway, his employer, unlawfully discharged him and that Local 707, his labor union, breached the duty of fair representation it owed him as a union member. Plaintiff seeks reinstatement as a Roadway employee and damages from both defendants. Defendants move to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, or in the alternative, for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). For the reasons set forth below, the court finds that plaintiff has stated a claim that Local 707 breached its duty of fair representation by failing to investigate a number of plaintiff's grievances, but that plaintiff has failed to state a claim that Local 707 breached its duty of fair representation through its alleged complicity in plaintiff's discharge. Additionally, the court finds that it lacks jurisdiction to consider plaintiff's claims against Roadway. Defendant Roadway's motion to dismiss is thus granted in its entirety, and defendant Local 707's motion to dismiss is granted in part and denied in part.

1

**Background**

Plaintiff worked for eighteen years as a truck driver at the Brooklyn office of Roadway, a Delaware corporation. (Compl. ¶¶ 2-4.) Local 707, of which plaintiff was at all relevant times a member, is the recognized collective bargaining representative of Roadway's trucking and transportation employees. (*Id*. at ¶ 5.) Between July 26, 2006 and December 26, 2006, plaintiff registered a series of grievances and complaints about Roadway with Local 707's shop steward. (*Id*. at ¶¶ 13-32.) Plaintiff initially complained about alleged deficiencies in various tractors, including a defective registration that caused him to receive a police summons and an exhaust problem that required him to seek emergency medical treatment. (*Id*. at ¶¶ 13, 16, 18, 19, 26.) Plaintiff also complained on two occasions about being denied overtime compensation. (*Id*. at ¶¶ 24, 30.) On August 11, 2006, plaintiff filed another grievance, alleging that three of his earlier grievances were not being handled properly and that his Roadway manager had harassed him in retaliation for his complaints. (*Id*. at ¶¶ 14, 20, 22.) In December 2006, plaintiff filed a complaint with the National Labor Relations Board ("NLRB"), alleging that Local 707 had engaged in unfair labor practices by failing to investigate his grievances. (Compl. ¶ 34.) The complaint does not indicate whether defendants knew of the complaint, nor whether the NLRB took any action in response to the complaint.

Roadway terminated plaintiff on January 18, 2007 for threatening another employee. (*Id*. at ¶¶ 35; Parkhurst Aff. Ex. B.) The same day, plaintiff filed another grievance with his shop steward alleging he was unjustly discharged from his employment duties in retaliation for his earlier complaints and in violation of Article 47 of the New Jersey-New York General Trucking Supplemental Agreement (the "Agreement"), to which both Roadway and Local 707 are parties.

(Compl. ¶¶ 35-36; *see* Parkhurst Aff. Ex. A.)  On January 31, 2007, the New Jersey-New York Joint Area Committee (the "JAC")—arbitrators empowered by the Agreement and by the express permission of Roadway and Local 707 to render a decision regarding plaintiff's termination—set aside plaintiff's discharge and ordered him reinstated pending the completion of an anger management course, with his time off served as a suspension.  (Parkhurst Aff. Ex. D.)  Plaintiff never attended an anger management course and has not returned to work.  There is no indication that Local 707 acted on, or the JAC arbitrated, any of plaintiff's other grievances.

On March 7, 2007, plaintiff commenced the instant action against defendants, alleging that Roadway unjustly discharged him and that Local 707 breached its duty of fair representation.  On May 17, 2007, Local 707 moved to dismiss the complaint pursuant to Rules 12(b)(1) and 12(b)(6).  Plaintiff filed an affirmation in opposition on June 8, 2007.[1]  Roadway joined Local 707's motion in its entirety in a letter brief dated August 15, 2007.

## Discussion

Plaintiff advances two claims in his complaint:  (1) that Local 707 breached its duty of fair representation and (2) that Roadway unlawfully discharged him.  Defendants argue the unlawful discharge claim should be dismissed pursuant to Rule 12(b)(1) because the court's jurisdiction is preempted by that of the NLRB, and that the fair representation claims should be dismissed pursuant to Rule 12(b)(6) because plaintiff has failed to state a claim for which relief may be granted.  Because resolution of the 12(b)(1) motion depends in part upon the court's resolution of the 12(b)(6) motion, the court looks first to determine whether plaintiff has stated a claim that Local 707 breached its duty of fair representation.

---

[1] The court notes that plaintiff's opposition to the instant motion to dismiss was made in an affirmation as opposed to in a memorandum of law as required by Local Civil Rule 7.1.  Plaintiff, however, bases his points upon cited legal authority.  *Cf. Holbert v. Cohen-Gallet*, 05-CV-1281, 2006 WL 47452 at *1 (E.D.N.Y. January 9, 2006).  Because of this, and because the affirmation is "divided, under appropriate headings, into as many parts as there are points to be determined," the court exercises its discretion to address plaintiff's opposition to the instant motion on its merits. *See* E.D.N.Y. Local Civ. R. 7.1.

A.     Defendants' Rule 12(b)(6) Motion

   1.     *Standards on a Rule 12(b)(6) Motion*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may make a motion, in lieu of an answer, to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). On a motion to dismiss under Rule 12(b)(6), the court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court retired the standard set forth half a century ago in *Conley v. Gibson*, that a complaint should not be dismissed "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," in favor of the requirement that plaintiff plead enough facts to "state a claim to relief that is plausible on its face." *Bell Atlantic*, 127 S. Ct. 1955, 1968-69, 1974 (2007) (quoting *Conley*, 355 U.S. 41, 45-46 (1957)). Pursuant to *Bell Atlantic*, in order to be facially plausible, a complaint cannot make merely "a formulaic recitation of the elements of a cause of action," but must allege facts that "raise a right of relief above the speculative level on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The Second Circuit has interpreted the foregoing language to "requir[e] a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim *plausible*," rather than to mandate a "universal standard of heightened fact pleading." *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007).

When material outside the complaint is "presented to and not excluded by the court, the motion must be treated as one for summary judgment . . . and all parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). For the purposes of this rule, however, the complaint is deemed to include writings and documents attached to the complaint, referenced in the complaint, or integral to the complaint. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002); Fed. R. Civ. P. 10(c). A document is "integral" to the complaint where "the complaint relies heavily upon its terms and effects." *Chambers*, 282 F.3d at 153 (citations omitted). "A plaintiff's *reliance* on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough." *Id.* (emphasis in original).

Plaintiffs are harmed when material outside the complaint is considered on a motion to dismiss because they lack notice that such consideration is taking place. *Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006). Rule 12(d)'s conversion requirement remedies this problem by "deter[ring] trial courts from engaging in fact finding when ruling on a motion to dismiss and ensur[ing] that when a trial judge considers evidence dehors the complaint, a plaintiff will have an opportunity to contest defendant's relied-upon evidence by submitting material that controverts it." *Id.* Accordingly, where there is actual notice by the opposing party of all the information in the movant's papers, the necessity to convert a motion to dismiss to one for summary judgment is largely dissipated. *Chambers*, 282 F.3d at 153.

In the present case, both plaintiff and defendant have attached a number of exhibits to their court filings. Local 707 notes that plaintiff's submissions "suggest[] that the [c]ourt should,

pursuant to [Rule] 12(b), treat the instant matter as a motion for summary judgment." (Reply at 3.) The court disagrees, however, and finds conversion unwarranted because the exhibits attached to plaintiff's affirmation apparently are provided to aid the court in determining the damages owed to plaintiff. (Pl. Opp. ¶¶ 17-21.) Because, for the reasons set forth below, the court finds it unnecessary enter into an inquiry concerning plaintiff's damages, the exhibits attached to his affirmation need not be considered. With respect to defendants' exhibits, the court considers only those documents referenced in and integral to plaintiff's complaint, namely, the Agreement and the paperwork associated with plaintiff's discharge and subsequent reinstatement. (Parkhurst Aff. Ex. A-D.)

*2. The Duty of Fair Representation*

The duty of fair representation plays a central role in the nation's labor policy and has long "stood as a bulwark to prevent arbitrary union conduct against individuals stripped of traditional forms of redress by the provisions of federal labor law." *Vaca v. Sipes*, 386 U.S. 171, 182 (1967). "[T]he duty of fair representation requires a union 'to serve the interests of all members without hostility or discrimination toward any, to exercise its discretion with complete good faith and honesty, and to avoid arbitrary conduct.'" *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) (quoting *Vaca*, 386 U.S. at 177). This fiduciary duty applies to all union activity and is breached when a union's "conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Id.* (citing *Vaca*, 386 U.S. at 190).

An arbitrary breach of a union's duty of fair representation occurs "only if [the union's conduct] can be fairly characterized as so far outside a 'wide range of reasonableness' that it is wholly 'irrational.'" *Air Line Pilots v. O'Neill*, 499 U.S. 65, 78 (1991) (quoting *Ford Motor Co. v. Huffman*, 345 U.S. 330, 338 (1953)); *see also Samuels v. Air Transport Local 504*, 992 F.2d

12, 16 (2d Cir. 1993) ("When a union ignores or perfunctorily presses a meritorious claim, it is held to have acted arbitrarily."). Bad faith occurs when a union "intended to mislead workers, and . . . the union had no other purpose but to mislead." *Marquez*, 525 U.S. at 46-47; *see also White v. White Rose Food*, 237 F.3d 174, 179 (2d Cir. 2001) ("Bad faith encompasses fraud, dishonesty, and other intentionally misleading conduct") (quoting *Spellacy v. Airline Pilots Ass'n-Int'l*, 156 F.3d 120, 126 (2d Cir. 1998)). Finally, discrimination occurs when a union favors some of its members at the expense of others without legitimate purpose. *See Ramey v. Dist. 141, Int'l Ass'n of Machinists and Aerospace Workers*, 378 F.3d 269, 277 (2d Cir. 2004) (citation omitted). Moreover, "[t]actical errors are insufficient to show a breach of the duty of fair representation; even negligence on the union's part does not give rise to a breach." *Barr v. United Parcel Serv., Inc.*, 868 F.2d 36, 43 (2d Cir. 1989).

   3.   *Plaintiff's Claims against Local 707*

Plaintiff claims that Local 707 breached its duty of fair representation by failing to investigate his grievances and "conspir[ing] with defendant employer to permit plaintiff's discharge to stand, although there was no just cause for the discharge." (Compl. ¶¶ 15, 17, 21, 23, 25, 27, 29, 31, 33, 38.) Likewise, in his opposition papers, plaintiff accuses Local 707 of "fail[ing] to grieve his complaints, conspir[ing] with defendant [Roadway] to terminate his employment, and conspir[ing] with defendant [Roadway] to retaliate against plaintiff for filing a complaint with the NLRB." (Pl. Opp. ¶ 9.)

Turning first to the claim that Local 707 breached its duty of fair representation by failing to properly investigate the merits of his earlier grievances, plaintiff states in his complaint that he complained to his shop steward about mechanical problems with various tractors and trailers on July 26, July 31, August 8, December 13, and December 26, 2006. (Compl. ¶¶ 13, 16, 18, 26,

32). Plaintiff also states he filed a grievance on August 11, 2006, alleging that Roadway's manager harassed him after he initially complained about the tractor safety issues. (*Id*. at ¶ 22.) The complaint further states that plaintiff filed grievances on August 15, December 13, and December 19, 2006, alleging that he was wrongly denied overtime hours and compensation. (*Id*. at ¶¶ 24, 26, 30.) Finally, plaintiff filed a grievance on January 18, 2007, alleging that he was unjustly discharged from his employment with Roadway. (*Id*. at ¶ 36.) At this stage of the litigation, neither party disputes that—with the exception of the January 18, 2007 grievance concerning plaintiff's allegedly unjust discharge—Local 707 never responded to any of plaintiff's complaints.

An employee may seek judicial relief to redress a claim that a labor union breached its duty of fair representation "if . . . the union has sole power under the contract to invoke the higher stages of the grievance procedure, and if . . . the employee-plaintiff has been prevented from exhausting his contractual remedies by the union's wrongful refusal to process the grievance." *Vaca*, 386 U.S. at 185. Courts reviewing such claims, however, "must afford the union adequate latitude so as not to impede its effectiveness as a bargaining unit . . . [and allow it] . . . 'free[dom] to sift out wholly frivolous grievances which would only clog the grievance process.'" *Jordan v. Viacom Outdoor Group*, 475 F. Supp. 2d 440, 444-45 (S.D.N.Y. 2007) (quoting *Humphrey v. Moore,* 375 U.S. 335, 349 (1964)).

When an employee claims that his union breached its duty of fair representation by failing to grieve his complaints, courts typically look to determine whether the union's conduct was arbitrary. *Clarke v. Commc'ns Workers of America*, 318 F. Supp. 2d 48, 56 (E.D.N.Y. 2004) (collecting cases). A union acts arbitrarily when it "ignores or perfunctorily presses a meritorious claim," *Samuels v. Air Transport Local 504*, 992 F.2d 12, 16 (2d Cir. 1993), but not

where it "fails to process a meritless grievance, engages in mere negligent conduct, or fails to process a grievance due to error in evaluating the merits of the grievance," *Cruz v. Local Union No. 3 of the Int'l Bhd. of Elec. Workers*, 34 F.3d 1148, 1154-55 (2d Cir. 1994). Before deciding that a grievance lacks merit, however, the union must "conduct at least a 'minimal investigation' . . . [b]ut under this standard, only an 'egregious disregard for union members' rights constitutes a breach of the union's duty' to investigate." *Emmanuel v. Int'l Bhd. of Teamsters, Local Union No. 25*, 426 F.3d 416, 420 (1st Cir. 2005) (quoting *Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1176 (7th Cir.1995); *Castelli v. Douglas Aircraft Co.*, 752 F.2d 1480, 1483 (9th Cir. 1985)).

Accordingly, to prevail on his claim, plaintiff must demonstrate that (1) his grievances had merit, (2) that Local 707 was aware of the grievances, and (3) that Local 707's conduct in failing to process the grievances was arbitrary. *See Clarke*, 318 F. Supp. 2d at 58-59 (citing *Young v. United States Postal Serv.*, 907 F.2d 305, 308 (2d Cir. 1990)). Plaintiff alleges in his pleading that he complained to Local 707's shop steward because Roadway forced him to use unsafe equipment, wrongly denied him overtime hours and compensation, and harassed him in retaliation for his complaints. Plaintiff also alleges that Local 707 never investigated, responded to, nor arbitrated the aforementioned complaints. Local 707 very well may have acted within its discretion by choosing not to pursue plaintiff's complaints, or it may have been negligent when it failed to do so. Either possibility, if proved, would prevent a finding that Local 707 breach its duty of fair representation. At this preliminary stage, however, the court cannot hold that plaintiff's claims are implausible. *See Iqbal*, 490 F.3d at 157-58. Assuming, as the court must, that plaintiff made valid complaints to his shop steward and that Local 707 failed to conduct even a minimal investigation, plaintiff has stated a claim that Local 707 breached its duty of fair representation by failing to investigate plaintiff's grievances.

Defendants, however, maintain that even if Local 707's failure to investigate did constitute a breach of its duty, some of plaintiff's claims are nonetheless time-barred. (Def. Mem. at 8-9.) Duty of fair representation claims are governed by a six-month statute of limitations that begins to accrue when the employee knew or should have known of the breach of the duty. *See White Rose Food*, 128 F.3d at 114 (citations omitted). Defendants correctly note that plaintiff's complaint was filed on March 7, 2007, and therefore, any claims accruing before September 7, 2006, would be barred by the statute of limitations. (Def. Mem. at 9.) According to defendants, because plaintiff complained on August 11, 2006 about the lack of action that Local 707 was taking on the grievances filed on July 26, July 31, and August 8, 2006, the fair representation claim accrued "no later than August 11." (*Id.*) The court disagrees. Although plaintiff apparently was concerned about Local 707's response to his grievances as early as August 11, less than three weeks after he first complained to his shop steward about vehicle safety issues, it is extremely difficult to impute to him the knowledge that Local 707 was altogether refusing to investigate his complaints. Accordingly, the court cannot find that these claims accrue prior to December, 2006, when plaintiff filed a complaint with the NLRB alleging that Local 707 had committed unfair labor practices by failing to investigate and issue a determination on any of his grievances. (Compl. ¶ 34.) Plaintiff filed his complaint on March 7, 2007, and thus, his claims are not barred by the statute of limitations.

Plaintiff also alleges that Local 707 breached its duty of fair representation by conspiring with Roadway to terminate his employment, failing to properly investigate the circumstances of his discharge, and conspiring with Roadway to let his discharge stand. (Pl. Opp. ¶4.) Specifically, plaintiff states in his complaint that:

> [I]f any negotiations were had between defendant Roadway and defendant [Local 707] . . . they were spurious, carried on in bad faith, and deliberately designed to

> give plaintiff the false impression that a sincere effort was being made by defendant [Local 707] to resolve the grievance by securing plaintiff's reinstatement; that, unknown to plaintiff, the officials of defendant [Local 707], including the officer who had promised to grieve plaintiff's termination, were secretly hostile to plaintiff and had decided to acquiesce in plaintiff's discharge.

(Compl. ¶ 38.) In this instance, plaintiff fails to allege any facts that elevate these allegations above the level of mere speculation. Although the Federal Rules are designed to allow liberal pleading, the Supreme Court's *Bell Atlantic* decision makes clear that a plaintiff must allege facts that render his claim plausible, and not merely speculative. 127 S. Ct. at 1974. Here, all that plaintiff marshals in support of his allegations are (1) that *if* negotiations were had between the two defendants, they were "spurious, carried on in bad faith, and deliberately designed" to mislead plaintiff and (2) that Local 707's officials "were secretly hostile to plaintiff and had decided to acquiesce in plaintiff's discharge." By failing to provide any facts in support of these statements, however, plaintiff fails to meet his burden of providing the court with actual descriptions of arbitrariness, discrimination, or bad faith. *See Marquez*, 525 U.S. at 51.

Moreover, Local 707's representation of plaintiff before the JAC, and the conditional reinstatement it secured for plaintiff belie the existence of any conspiracy between Local 707 and Roadway. (*See* Parkhurst Aff. Ex. D.) Local 707's failure to secure plaintiff the *unconditional* reinstatement he desired does not demonstrate a breach of the union's duty. *See Arteaga v. Bevona*, 21 F. Supp. 2d 198, 206 (E.D.N.Y. 1998) (union's failure to preserve a favorable arbitration award for plaintiff did not constitute a breach of its duty of fair representation) (citing *Barr*, 868 F.2d at 43); *see also Marquez*, 525 U.S. at 46 ("[t]he fact that the union had not negotiated the best agreement for its workers . . . was insufficient to support a holding that the union's conduct was arbitrary.") (citing *O'Neill*, 499 U.S. at 78-81). Accordingly, plaintiff has

failed to state a claim that Local 707 breached its duty of fair representation by conspiring, ignoring, or acquiescing in plaintiff's discharge.

B.  Defendants' Rule 12(b)(1) Motion

   1.  *Standards on a Rule 12(b)(1) Motion*

In evaluating a motion to dismiss under Rule 12(b)(1), the court must accepts as true all factual allegations in the complaint but should not, however, draw inferences favorable to the party asserting jurisdiction. *J.S. ex rel. N.S. v. Attica Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F. 3d 110, 113 (2d Cir. 2000). "The plaintiff bears the burden of proving subject matter jurisdiction by a preponderance of the evidence." *Aurecchione v. Schoolman Transp. Sys., Inc.*, 426 F.3d 635, 638 (2d Cir. 2005).

   2.  *Plaintiff's Claims against Roadway*

Plaintiff alleges in his complaint that Roadway unlawfully discharged him without just cause in violation of the Agreement and in retaliation for the grievances that he filed with his shop steward and the complaint that he filed with the NLRB. (Compl. at ¶¶ 35-36, 39.) Defendants contend the court's review of this claim is jurisdictionally barred, pursuant to the Supreme Court's decision in *San Diego Building Trades Counsel v. Garmon*. In *Garmon*, the Court established that the NLRB possesses the exclusive jurisdiction to consider claims based upon sections seven and eight of the National Labor Relations Act ("NLRA"). 359 U.S. 236, 242-45 (1959). Thus, "[w]hen an activity is arguably subject to § 7 or § 8 of the [NLRA], the

States as well as the federal courts must defer to the exclusive competence of the [NLRB] if the danger of state interference with national policy is to be averted." *Id*. at 245. Federal courts retain jurisdiction, however, when the employee's statutory claim is collateral to—i.e., it is necessary to the resolution of—a claim that is independently within the court's jurisdiction, *Marquez*, 525 U.S. at 50, "and one such remedy over which federal jurisdiction is well settled is the judicially implied duty of fair representation" that a labor union owes to its members, *Communications Workers of America v. Beck*, 487 U.S. 735, 743 (U.S. 1988) (citing *Vaca*, 386 U.S. at 171).

Section 8 of the NLRA provides that "[i]t shall be an unfair labor practice for an employer to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter." 29 U.S.C. § 158(a)(4). To the extent plaintiff alleges he was discharged by Roadway in retaliation for the grievances and NLRB complaint that he filed, his claim falls squarely within the purview of section 8 of the NLRA and therefore, exclusive jurisdiction must rest with the NLRB unless the claim is collateral to plaintiff's fair representation claims against Local 707. The only ostensibly collateral claim pressed by plaintiff over which this court could exercise independent jurisdiction is plaintiff's claim that Local 707 breached its duty of fair representation by conspiring with Roadway to terminate plaintiff. Because the court has dismissed this claim pursuant to Rule 12(b)(6), the court may not rely on it as a vehicle to exercise jurisdiction over plaintiff's retaliation claim against Roadway. *See Marquez*, 525 U.S. at 51 (When an employee's fair representation claim "is based in part on an alleged violation of the NLRA, it must be independently supported by some allegations describing arbitrary, discriminatory, or bad faith union conduct."). Accordingly, this claim is dismissed for lack of subject matter jurisdiction.

Plaintiff, however, also bases his claim against Roadway in part upon Roadway's alleged breach of the Agreement.² (*See* Compl. ¶ 39.) In his response to Roadway's letter brief, plaintiff argues that Roadway violated the Agreement by terminating plaintiff "[w]ithout an investigation as to the merits of the allegation [of threatening conduct to a co-worker] against plaintiff." (ECF Docket Entry 34 at 2.) Section 301 of the Labor Management Relations Act grants jurisdiction to federal district courts over "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce," 29 U.S.C. § 185(a), and the Supreme Court has long held that an employee may sue his employer under this section for breach of a collective bargaining agreement, *see DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 163 (1983) (citing *Smith v. Evening News Ass'n*, 371 U.S. 195 (1962)). Before bringing such a suit, however, the "employee normally must attempt to exhaust any grievance or arbitration remedies provided in a collective bargaining agreement." *Baumgart v. Stony Brook Children's Service, P.C.*, 2005 WL 2179429 at *4 (E.D.N.Y. 2005). Subject to very limited judicial review, the results of the arbitration proceedings bind all the parties to the dispute. *DelCostello*, 462 U.S. at 164.

Despite these obstacles, an employee may sue his employer under section 301, regardless of the outcome or finality of the grievance or arbitration proceeding, if the labor union representing the employee in the grievance or arbitration proceeding breached its duty of fair representation. *Baumgart*, 2005 WL 2179429 at *4 (citing *DelCostello*, 462 U.S. at 164.) In such situations, the employee may bring a hybrid claim against both the employer and the labor union but "must prove *both:* (1) that the employer breached a collective bargaining agreement,

---

² Plaintiff's complaint does not appear to include a claim directed at Roadway concerning the grievances plaintiff filed with his shop steward between July 26, 2006 and December 26, 2006. Accordingly, Local 707's alleged failure to investigate those grievances is analyzed, *supra*, solely as a duty of fair representation claim against defendant Local 707 and not as a hybrid section 301 claim against both defendants.

*and* (2) that the union breached its duty of fair representation." *Id*. (citing *White Rose Food,* 237 F.3d at 178). Regardless of whether both the labor union and the employer or only one of those entities are sued, the employee cannot succeed on a claim against the employer for violation of the collective-bargaining agreement if the proof is insufficient to sustain the employee's claim against the labor union for breaching its duty of fair representation. *Arteaga*, 21 F. Supp. 2d at 204 (citing *Chauffeurs, Teamsters and Helpers, Local No. 391 v. Terry,* 494 U.S. 558, 564 (1990); *DelCostello*, 462 U.S. at 164-65; *Young*, 907 F.2d at 307). As explained above, plaintiff has failed to state a claim that Local 707 breached its duty of fair representation in relation to its handling of plaintiff's discharge. Accordingly, the court may not entertain his hybrid claim under section 301, and this claim is dismissed for lack of subject matter jurisdiction. *See, e.g.*, *Young*, 97 F.2d at 307 ("[T]he Union's breach is a prerequisite to consideration of the merits of plaintiff's claim against her former employer for improper discharge."); *Musto v. Transport Workers Union of America*, 339 F. Supp. 2d 456, 471 (E.D.N.Y. 2004) (jurisdiction to hear hybrid claim under the Railway Labor Act depends upon whether plaintiff has stated a claim that the union breached its duty of fair representation).

      3.     *Plaintiff's Remaining Claim against Local 707*

Defendants also argue that *Garmon* precludes the court's exercise of jurisdiction over plaintiff's remaining fair representation claim against Local 707 because plaintiff filed a complaint with the NLRB based on the same basic facts that he now uses to support his claim in this court. (ECF Docket Entry 33 at 2; Compl. at 34.) This argument is unavailing because plaintiff has stated a claim that Local 707 breached its duty of fair representation by failing to investigate his grievances. The Supreme Court has long held that *Garmon* and its progeny do not deprive the federal courts of their "traditional supervisory jurisdiction" over fair

representation claims; were it otherwise, "the individual employee injured by arbitrary or discriminatory union conduct could no longer be assured of impartial review of his complaint, since the [NLRB]'s General Counsel has unreviewable discretion to refuse to institute an unfair labor practice complaint." *Vaca*, 386 U.S. at 182.

## Conclusion

Plaintiff's claim that Local 707 breached its duty of fair representation through its handling of plaintiff's discharge is dismissed for failure to state a claim on which relief may be granted. The court finds, however, that plaintiff has stated a claim that Local 707 breached its duty of fair representation by failing to investigate plaintiff's grievances. Additionally, plaintiff's claims against Roadway are dismissed for lack of subject matter jurisdiction. Accordingly, defendant Roadway's motion to dismiss is granted in its entirety, and defendant Local 707's motion to dismiss is granted in part and denied in part.

SO ORDERED.

DATED:    Brooklyn, New York
             March 25, 2008

_____/s/_____

DORA L. IRIZARRY
United States District Judge